UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CV-00043-FDW-DCK

| | |
|---|---|
| TERRY L. BROWN, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE RENTALS LLC and )<br>)<br>CEDRIC MCCORKLE, )<br>)<br>    Defendants. )<br>) | NOTICE |

**THIS MATTER** is before the Court *sua sponte* following the filing of Defendants' Motion to Dismiss pursuant to Rule 12(b)(4) on April 20, 2015, which asserts that Plaintiff has violated Rule 11(a). (Doc. No. 8). Plaintiff was given the opportunity to supplement his response but has failed to do so.

The Court notifies Plaintiff that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff stil has the right to supplement his response to Defendants' motion to dismiss.[1] The Court also advises Plaintiff that failure to supplement his response or cure his defective pleading may result in dismissal of the complaint. In accordance with the principles set

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

forth in Roseboro v. Garrison, the Court advises Plaintiff, who is proceeding *pro se*, of the burden he carries responding to Defendants' motion.

## Fed. R. Civ. Pro. 12(b)(4)

Defendants' motion states that Rule 12(b)(4) is a ground for dismissal because Plaintiff failed to sign the complaint in accordance with the requirements set forth in Rule 11(a).

Plaintiff is hereby informed that Rule 11(a) provides:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Plaintiff is hereby notified that it is his burden to show that he complied with the requirements of Rule 11(a), or to promptly cure the defective pleading. Accordingly, <u>Plaintiff must promptly sign the complaint and provide the required address, e-mail address, and telephone number, or he must provide a duplicate copy of the complaint that is signed and includes the required address, e-mail address, and telephone number.</u> The Court cannot take any further action regarding Plaintiff's complaint until these deficiencies are cured. A failure to comply with this notice may result in dismissal of Plaintiff's complaint.

Plaintiff is advised that he has seven calendar days, or **until June 16, 2015**, to cure the defective complaint. Plaintiff's cured complaint must be properly served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. **<u>Plaintiff's failure to cure the defective complaint may result in Defendants being granted the relief it seeks, that is dismissal of the complaint.</u>**

**IT IS THEREFORE ORDERED** that Plaintiff may cure his defective complaint **on or before June 16, 2015.** Failure to file a cured complaint could lead to the dismissal of Plaintiff's lawsuit against Defendants.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Signed: June 9, 2015

Frank D. Whitney
Chief United States District Judge