UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CV-00043-FDW-DCK

| | |
|---|---|
| TERRY L. BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) NOTICE |
| CHARLOTTE RENTALS LLC and CEDRIC MCCORKLE, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court *sua sponte* following the filing of Plaintiff's Supplement to his Response (Doc. 12).

Defendant's originally filed a Motion to Dismiss on April 20, 2015 (Doc. No. 8), pursuant to FRCP 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). The Court has twice since notified Plaintiff of his opportunity to respond to Defendant's Motion and/or cure his defective pleadings, and his burden in so doing. Plaintiff filed the most recent supplement informing the Court that he is currently in the hospital and is having trouble receiving mail. However, this case is unable to move forward unless and until Plaintiff cures his defective pleadings.

In accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [1] the Court advises Plaintiff, who is proceeding *pro se*, that <u>he must sign his complaint.</u> FRCP 11(a) provides:

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).

Plaintiff is hereby notified that it is his burden to show that he complied with the requirements of Rule 11(a), or to promptly cure the defective pleading. Accordingly, <u>Plaintiff must promptly sign the complaint and provide the required address, e-mail address, and telephone number, or he must provide a duplicate copy of the complaint that is signed and includes the required address, e-mail address, and telephone number.</u> The Court cannot take any further action regarding Plaintiff's complaint until these deficiencies are cured.

**IT IS THEREFORE ORDERED** that Plaintiff has until **June 26, 2015** to sign his complaint. Plaintiff's cured complaint must be properly served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. **<u>Plaintiff's failure to cure the defective complaint will result in Plaintiff's case being dismissed without prejudice.</u>**

The Clerk is respectfully directed to send a copy of this Notice to Plaintiff at 3209 Erskine Drive, Charlotte, NC 28205.

**IT IS SO ORDERED.**

Signed: June 18, 2015

Frank D. Whitney
Chief United States District Judge

---

Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. [text obscured] his circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.