UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-0043-FDW-DCK

| | |
|---|---|
| TERRY L. BROWN,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CHARLOTTE RENTALS LLC and  )<br>CEDRIC MCCORKLE,  )<br>)<br>Defendants.  )<br>) | ORDER |

THIS MATTER is before the court on Defendants' Cedric McCorkle and Charlotte Rentals LLC Motion to Dismiss (Doc. No. 8) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4), insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, is a North Carolina resident who brought this action to recover damages resulting from alleged housing discrimination against him by Defendants on account of his disability. (Doc. No. 1). Plaintiff suffers from incomplete paraplegia and is confined to a wheelchair. (Doc. No. 3). Defendant Cedric McCorkle is a lending agent employed by Charlotte Rentals from whom Plaintiff is renting his residence. (Doc. No. 1).

Plaintiff's complaint alleges that Defendants' failure to provide a ramp for wheelchair

1

access to his residence is actionable discrimination. (Doc. No. 1). Although Plaintiff's complaint does not suggest a specific legal theory that entitles him to relief, several of the pleadings in the record refer to the Fair Housing Act ("Title VIII") and the Americans with Disabilities Act ("ADA").[1] (Doc. No. 8). Plaintiff filed a housing discrimination complaint with the U.S. Department of Housing and Urban Development ("HUD") which was accepted on December 4, 2014 and, pursuant to 42 U.S.C. § 3610(f), was referred to the Charlotte-Mecklenburg Community Relations Committee for investigation. (Doc. No. 1). Plaintiff received a letter from HUD, dated December 4, 2014, informing him that the Charlotte-Mecklenburg Community Relations Committee would be responsible for resolving his complaint and that he may file a civil lawsuit in federal district court pursuant to 42 U.S.C. § 3613. (Doc. No. 1).

Charlotte Rentals has previously filed two claims against Plaintiff in Mecklenburg County small claims court seeking rent payments. (Doc. No. 8). According to Defendants' Motion to Dismiss in the instant case, Plaintiff responded to both previous claims with a counterclaim regarding the same allegation as the instant case. (Doc. No. 8, 8-4). In the first action, the parties voluntarily dismissed without prejudice on June 18, 2014. (Doc. No. 8). In the second action, 14CVM26190, Plaintiff again voluntarily dismissed his counterclaim and accepted an out-of-court settlement. (Doc. No. 8, 8-4). The record is unclear as to the circumstances of that settlement and the legal implications of such cannot be discerned at this time. On January 23, 2015, Plaintiff filed this suit arguing that Defendants' failure to provide a wheelchair ramp was discriminatory on account of his disability. (Doc. No. 1). Defendants argue that they are not obligated to install a ramp for wheelchair access and filed a motion to

---

[1] Although there is mention of the ADA in the pleadings, it will not be developed further because the Court finds that the ADA primarily governs employment discrimination and is not relevant to the instant case.

dismiss on those grounds. (Doc. No. 8).

## II.  STANDARD OF REVIEW

When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see generally Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. See Gordon, 574 F.2d at 1151.

Because the specific legal theories upon which Plaintiff is basing his complaint are not clear from the pleadings, the court will, in the light most favorable to Plaintiff and in observance of his *pro se* status, liberally construe the complaint and address the issues that this factual scenario give it reason to consider. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Haines v. Kerner, 404 U.S. 519, 520 (stating that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers . . . .").

## III.  ANALYSIS

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a lawsuit. Original subject matter jurisdiction exists in federal district court when, among other specific scenarios expressed in Title 28 of the US Code, the complaint raises a federal question under 28 U.S.C. § 1331 or the requirements for diversity jurisdiction are met under 28 U.S.C. § 1332. Subject matter jurisdiction is a threshold issue without which the Court lacks the competency or ability to do anything other than dismiss the case. The lack of such jurisdiction may be raised at any time by a litigant or the court *sua sponte*. Mansfield, C. & L. M. RY. CO. v. Swan, 111 U.S. 379, 382 (1884).

3

In a disability discrimination case, federal district courts have subject matter jurisdiction over Title VIII claims pursuant to 42 U.S.C. § 3613(a)(1)(A) which states, in pertinent part, that "[a]n aggrieved person may commence a civil action in an appropriate United States district court . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ." An "aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice. . . ." 42 U.S.C. § 3602(i)(1). Further, although Title 42 of the US Code lays out an administrative enforcement scheme that a claimant may pursue for relief, it is not necessary that the claimant exhaust or even pursue such administrative remedies prior to filing a civil action in federal district court. 42 U.S.C. § 3613(a)(2).

Defendants argue that this Court lacks subject matter jurisdiction because this case is prematurely before this Court due to the administrative enforcement scheme that is available to aggrieved persons under the Fair Housing Act. (Doc. No. 8). They contend that Superior Court in Mecklenburg County is the appropriate forum for this action according to the letter from the Community Relations Committee dated February 11, 2015. (Doc. No. 8-1). Although Superior Court is indeed a *possible* forum for this action, it is not the *only* proper forum for adjudication. See 42 U.S.C. § 3613(a)(1)(A). Therefore, Defendants' argument that Superior Court is the only proper forum for this claim is without merit. Any other conclusion would be clearly inconsistent with the plain and expressed language of the above cited sections of Title VIII. As stated above, although a claimant may seek these administrative remedies under Title VIII, he is not required to pursue such or to exhaust the administrative remedies before seeking redress in the federal district courts. 42 U.S.C. § 3613(a)(2). Further, the letter to Plaintiff from HUD, dated December 4, 2014, to which Defendants make no reference, expressly states that Plaintiff has the

right to file a civil lawsuit in federal district court in addition to filing his complaint with the Charlotte-Mecklenburg Community Committee. (Doc. No. 1). Accordingly, the Court finds that subject matter jurisdiction is proper and Defendants' motion to dismiss on that ground is **DENIED**.[2]

**B. Insufficient Process and Insufficient Service of Process**

Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) provide for dismissal where a litigant fails to adequately follow the rules of process in serving pleadings. Process may be insufficient if the forms are technically deficient (*e.g.*, wrong name) or otherwise deficient in ways that are unrelated to service of the pleadings. Deficiencies in service, as opposed to process, relate to the actual service of the pleadings upon the parties.

The formal requirements for service of process in the federal courts are laid out in Federal Rule of Civil Procedure 4. Rule 4(c)(1) provides, in pertinent part, that a summons must be served with a copy of the complaint and, under Rule 4(a)(1)(A)-(B), a summons must name the parties and be directed to the defendant. Regarding service of pleadings, an individual or partnership may be served in a manner "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). Accordingly, the applicable North Carolina Rules of Civil Procedure regarding service of process state that service upon an individual may be made "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivered to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). Further, service may be

---

[2] 42 U.S.C. § 3613(a)(1)(2) also states that if the Secretary or a State or local agency has obtained a "conciliation agreement with the consent of an aggrieved person, no action may be filed . . . except for the purpose of enforcing the terms of such an agreement." There is no indication in the record that such an agreement exists in this case.

made upon a partnership "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to any general partner, or to any attorney-in-fact or agent authorized by appointment or by law to be served or to accept service of process in its behalf . . . ." N.C. Gen Stat. § 1A-1, Rule 4(j)(7)(a).

It is important to note that proceeding *pro se* ordinarily will not excuse failure to properly accomplish service or a failure to understand the rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id.

Further, and especially relevant to the instant case, the Fourth Circuit has recognized that "[i]t has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999); see also United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) (citations omitted) ("If [the pleading] names [the parties] in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. . . . As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.") (internal citations and quotations omitted).

### i. Insufficient Process

Regarding insufficient process, Defendants argue that Plaintiff's misnaming of Defendant SFRH Charlotte Rental, LP as "SFRH Charlotte Rentals, LLC" qualifies as insufficient process and warrants dismissal. (Doc. No. 8). Nevertheless, under the legal standards laid out in Morrel and A.H. Fischer, the Court finds that the pluralization of the word "Rental" and incorrect business designation of "LLC" instead of the proper "LP" are insignificant errors and do not prevent process from being operative. There are no assertions in the record that Defendants were, in any way, prejudiced or misled by the misnomer, and the fact that actual notice was achieved further supports this position. In this case, although technically incorrect, the process "fulfilled its purpose" of alerting Defendants of the pendency of the action and is sufficient under the law. United States v. A.H. Fischer Lumber Co., 162 F.2d at 873.

Defendants also argue that Plaintiff's failure to sign his complaint was a violation of Federal Rule of Civil Procedure 11(a) which requires that "[e]very pleading...be signed by at least one attorney . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); (Doc. No. 8). Additionally, Rule 11 requires that the paper state the signer's address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a). In response to several Roseboro notices, Plaintiff has filed a signed complaint including the required information to satisfy Rule 11(a). (Doc. No. 14). Therefore, Defendants' motion to dismiss for insufficient process is **DENIED**.

### ii. Insufficient Service of Process

Defendants also argue that Plaintiff failed to properly effectuate service and that this improper service warrants dismissal. Given Plaintiff's IFP status, service was ordered to be made by the U.S. Marshals Service. (Doc. No. 4). Because only one address was provided by

7

Plaintiff, two copies of the summons and complaint were mailed via certified mail to said address, return receipt requested, in one envelope for service upon both Cedric McCorkle and Charlotte Rental. (Doc. No. 8). However, both return receipts were signed by "Katie Brown," indicating that she received service on behalf of both defendants. (Doc. No. 6, 7).

In light of the liberal construction given to Federal Rule of Civil Procedure 4 when actual notice is achieved, the Court finds that the alleged insufficiency does not warrant dismissal as to Charlotte Rental LP. However, the insufficiency is more problematic in regards to the individual defendant, Cedric McCorkle. As stated above, service upon an individual must be made personally, left at the defendant's dwelling house, or delivered to an agent appointed by the individual to receive service. In this case, the summons and complaint were sent to Cedric McCorkle's place of employment, and received and signed by Katie Brown. Nothing in the record indicates that Katie Brown is Cedric McCorkle's agent authorized to receive service. Therefore, the Court finds that Defendant McCorkle was not properly served. Accordingly, Defendant's Motion to Dismiss on these grounds is DENIED as to Charlotte Rental and GRANTED as to Cedric McCorkle.

**C. Failure to State a Claim**

A complaint will survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim if it contains facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. Additionally, when deciding a 12(b)(6) motion, the court must accept the facts in the complaint as true, viewing "the facts in the light most favorable

to the plaintiff, but not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Jordan v. Alternative Res. Corp., 458 F.3d 322, 338 (4th Cir. 2006) (internal citations, alterations, and quotations omitted). Although "detailed factual allegations are not required, a complaint must assert factual allegations which raise a right to relief above the speculative level." Finley v. SageNet LLC., No. 3:09-CV-123-FDW, 2009 WL 1850958, at *1 (W.D.N.C. June 29, 2009) (citing Bell Atl. Corp. 550 U.S. at 555) (internal quotations omitted).

Plaintiff claims that Defendants failed to install a ramp for wheelchair access into his unit. (Doc. No. 1). Plaintiff alleges that this conduct is actionable discrimination on the basis of his disability. (Doc. No. 1). The Fair Housing Act prohibits housing discrimination on the basis of disability and requires owners of housing facilities to allow tenants with disabilities to make reasonable access-related modifications to their private living space and common use spaces. Further, it requires that new multifamily housing with four or more units be designed and built to allow access for persons with disabilities. See 42 U.S.C. §3601 et. seq.[3]

The Court does not address the merits of Plaintiff's claim at this state of litigation. However, when construed liberally, the facts, assumed as true and in the light most favorable to the plaintiff, nudge Plaintiff's claim of housing discrimination from conceivable to plausible. Although Plaintiff's specific theories of relief are not entirely clear, the Court finds that there may be a cognizable claim within the Plaintiff's factual allegations. Accordingly, Defendants' motion to dismiss for failure to state a claim is **DENIED**.

---

[3] The Court does not address the merits of specific Fair Housing Act claims, as neither party has fully raised or briefed the issue, but does note that the Fair Housing Act does not require a landlord to pay for changes to a residence. The FHA simply requires that landlord *allow tenants* with disabilities to make reasonable access-related modifications to their private living space, as well as to common use spaces. See 42 U.S.C. § 3604(f)(3)(A).

## IV. CONCLUSION

For the aforementioned reasons, the Court finds that subject matter jurisdiction is proper and that Plaintiff has stated a claim upon which relief can be granted. Further, the Court finds that process was sufficient and service of process was sufficient as to Defendant Charlotte Rental, LP. However, the Court finds that Plaintiff did not properly serve the individual defendant, Cedric McCorkle, and cannot find in the record that actual notice was achieved as to him. For those reasons, Defendants' Motion to Dismiss is **DENIED IN PART and GRANTED IN PART.** The Clerk is respectfully directed to mail a copy of this order to Mr. Terry Brown at 3209 Erskine Drive, Charlotte, NC 28205.

**IT IS SO ORDERED.**

Signed: July 28, 2015

Frank D. Whitney
Chief United States District Judge