UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-0043-FDW-DCK

| TERRY L. BROWN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLOTTE RENTALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* concerning the status of this case. Plaintiff filed his complaint in this case on January 23, 2015 (Doc. No. 1) and was granted leave to proceed *in forma pauperis*. (Doc. No. 4). On March 25, 2015, the Clerk's Office issued summons conventionally to the U.S. Marshall for service upon Defendant. (Doc. No. 5). On April 20, 2015, Defendant moved this Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. No. 8). With respect to Defendant Charlotte Rentals LLC, the Court denied that motion in its entirety on July 28, 2015. (Doc. No. 15). On October 22, 2015, the Magistrate Judge denied without prejudice Plaintiff's Motion to Amend/Correct his complaint. (Doc. No. 23).

Because neither party took any action following the Magistrate Judge's decision, the Court entered, *sua sponte*, an Order to Show Cause on December 3, 2015. (Doc. No. 24). That Order noted that Defendant was in default and ordered Plaintiff to show cause as to why his complaint should not be dismissed for failure to prosecute. (Id.). The Court allowed Plaintiff fourteen (14) days in which to respond. (Id.). The Order also specifically cautioned Plaintiff that "failure to timely respond . . . may result in dismissal of [the] complaint." (Id.). On

1

December 10, 2015, Plaintiff entered into the record a Notice of change of address but failed to acknowledge the Court's prior Order to Show Cause. (Doc. No. 25). Plaintiff's deadline to show cause expired without response. However, the Court deferred dismissing Plaintiff's complaint. It did so out of an abundance of caution because it was unclear whether Plaintiff, who is proceeding both *pro se* and *in forma pauperis*, had received the conventional mailing of the Order to Show Cause by the time he changed his physical address. This uncertainty was exacerbated by the potential for delays in the mails during the holiday time period.

During this informal postponement, Defendant filed its answer to Plaintiff's complaint on December 21, 2015—nearly nine months after it was served and five months after its Motion to Dismiss was denied. (Doc. No. 26). Defendant's answer contains no explanation for this delay, nor does it move the Court to consider it timely. However, Defendant's answer has triggered the requirement that the parties conduct an Initial Attorney's Conference. The parties must file their Certification of Initial Attorney's Conference no later than January 19, 2016.

Because Defendant is no longer in default and because the parties' obligations and immediate deadlines are now clear, the Court finds that its Order to Show Cause is effectively mooted. **However, both parties are cautioned that the Court's leniency with deadlines and compliance with its Orders in this case is exhausted. No further delay and/or deviation from the Court's Orders will be tolerated. The parties are urged to familiarize themselves with the Court's Standing Orders, the Federal Rules of Civil Procedure, and the Local Rules. Future violations may result in sanctions and/or dismissal of the complaint.**

**IT IS THEREFORE ORDERED** that the parties submit a CIAC Report to the Court no later than January 19, 2016 in accordance with Local Rules 16.1(A) and 73.1(C).

**IT IS SO ORDERED.**

Signed: January 8, 2016

*Frank D. Whitney*
Frank D. Whitney
Chief United States District Judge