UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-0043-FDW-DCK

| | | |
|---|---|---|
| TERRY L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLOTTE RENTALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* regarding the status of this case following Plaintiff's notice of interest in utilizing the Pro Se Settlement Assistance Program ("PSAP"). The Court also notes its dismay that it is forced to enter yet another Order addressing the parties' continued inability to comply with the Court's instructions. Having considered the matter, and in the interests of justice, the Court rules that Plaintiff's request to submit this matter to the Pro Se Settlement Program is **DENIED** for the reasons explained below.

## I. BACKGROUND

On May 5, 2015, Defendant filed its Rule 12 motions seeking to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. No. 8). After issuing several Roseboro notices instructing Plaintiff to cure his defective Complaint, (Doc. Nos. 10, 11, 13), the Court ruled on the pending Rule 12 motions on July 28, 2015. (Doc. No. 15 (denying all motions as to Defendant Charlotte Rentals)). Following resolution of the Rule 12 motions, Defendant neglected to file an Answer and was in default for a period of several months. On December 3, 2015, the Court entered *sua sponte* an Order to Show Cause

regarding Defendant's default. (Doc. No. 24). Plaintiff took no action, but Defendant filed its Answer on December 21, 2015. (Doc. No. 26). Defendant's Answer effectively mooted the Court's prior Order to Show Cause, and resulted in joinder of the issues.

In another *sua sponte* Order addressing the status of the case following Defendant's Answer, the Court specifically cautioned the parties that "the Court's leniency with deadlines and compliance with its Orders . . . is exhausted. No further delay and/or deviation from the Court's Orders will be tolerated." (Doc. No. 27, p.2). The Court went on to urge both parties to **familiarize themselves with the Court's Standing Orders, the Federal Rules of Civil Procedure, and the Local Rules**. Id.

The parties were then ordered to submit a CIAC Report to the Court no later than January 19, 2016. (Doc. No. 27). As of the date of this Order, and in violation of yet another of the Court's Orders, no CIAC Report has been submitted. On January 19, 2015, the clerk's office filed a letter from Plaintiff—in lieu of a CIAC Report—in which Plaintiff acknowledges having received the Court's Order to submit a CIAC Report before the January 19, 2016, deadline expired. However, the letter offers no explanation for failing to do so nor does it request an extension.[1] Plaintiff's letter also declares for the first time his interest in participating in PSAP. (Doc. No. 29).

## II. DISCUSSION

Pro se litigants are often extended leeway not afforded to lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). However, district courts are not required to act as an advocate for a pro se litigant. Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Nor are special notices to pro se

---

[1] The Court notes, however, that any such request would be untimely.

2

litigants required in all contexts.  <u>Roseboro</u>, 528 F.2d at 310.  For example, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions.  <u>See id</u>; <u>see also</u> <u>Norman v. Taylor</u>, 25 F.3d 1259, 1261 (4th Cir. 1994).  Nevertheless, district courts have frequently extended this principle to other dispositive contexts like motions to dismiss as the Court did here.  (<u>See</u> Doc. No. 11).

In the instant case, Plaintiff received several <u>Roseboro</u> notices upon the filing of Defendant's Rule 12 motions and was afforded considerable flexibility in curing his defective Complaint.  Should his case persist to summary judgment, Plaintiff will again receive <u>Roseboro</u> notices advising him of his right to file responsive materials and of the potential consequences inhering in failure to do so.  These are not the circumstances the Court faces here.[2]

PSAP was instituted by this district for the purpose of "assist[ing] the administration of justice by providing civil pro se litigants with limited advice and representation at settlement conferences."  (3:13-mc-134, p.1).  Information relating to the program is available on the court homepage.  (http://www.ncwd.uscourts.gov/pro-se-settlement-assistance-program).  The program is available for voluntary application in certain civil cases in which a party appears pro se.  <u>Id</u>.  PSAP is merely an alternative tool available to the Court to assist pro se litigants appearing before it where the Court finds, in its discretion, that such assistance would benefit the efficient resolution of a case.  PSAP's existence does not grant or create any additional, automatic, or independent legal rights for its utilization to pro se litigants.  Application to PSAP must be made within fourteen (14) days of joinder of the issues as defined in the Local Rules. (<u>See</u> <u>id</u>., p.3).

The Local Rules provide that:

> Joinder of the issues occurs when the final answer to a complaint,

---

[2] Assuming, *arguendo*, that Plaintiff's letter was an attempt to "Opt In" to PSAP.

> third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless otherwise ordered by the Court.

Local Rule 16.1(D). While the clerk's office typically issues pro se litigants an "Opt in Notice" advising the pro se litigant that the matter is eligible for PSAP and of the fourteen-day window in which to "opt in," this notice is purely administrative. The PSAP Implementation Order, a publically available document, specifically notes that "the purpose of the Opt In Notice is to *inform* the pro se litigant that the matter is eligible for the program." (3:13-mc-134, p.2) (emphasis added). The substantive trigger for PSAP eligibility is the joinder of issues. Id.

Here, joinder of the issues occurred when Defendant filed its belated Answer on December 21, 2015. Plaintiff did not inform the Court of his interest in applying to the PSAP until January 19, 2016, which is well outside the fourteen-day window of eligibility. The reason application to PSAP is time-sensitive is to facilitate the ultimate purpose of the program—to *assist* the administration of justice. Employing efficient case management to effectively administer that justice and preserve judicial economy is within the Court's discretion. The court finds that, here, the administration of justice would not be served by allowing yet another delay in the prosecution of this case.

The Court has repeatedly instructed Plaintiff to familiarize himself with the Local Rules and Standing Orders. Had Plaintiff done so, he would have been aware of the existence and requirements of PSAP through publically accessible information. Plaintiff made the decision to litigate pro se. It is not the job of the Court, nor of its administrative personnel, to do Plaintiff's research for him.

### III. ORDER

**IT IS THEREFORE ORDERED** that this matter is ineligible for the Pro Se Settlement Program.

**IT IS FURTHER ORDERED** that the parties submit to the Court a Certification of Initial Attorney's Conference Report and all other materials required by Local Rule 16.1 no later than fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

Signed: January 27, 2016

Frank D. Whitney
Chief United States District Judge