UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-0043-FDW-DCK

| | | |
|---|---|---|
| TERRY L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLOTTE RENTALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court *sua sponte* upon review of Pro Se Certification of Initial Attorney Conference. (Doc. No. 34). It appears to the Court that no Rule 26(f) conference was, in fact, conducted. Accordingly, Plaintiff's filing is inappropriate and should be stricken from the record.

Defendant represented to the Court in prior filings indicating that "[Defense counsel] would not contact Mr. Brown unless he contacted me first." Doc. No. 30. However, Plaintiff's Response to Notice indicates that he has attempted to contact Defendant to schedule and/or conduct the Rule 26(f) conference but has received no response. Doc. No. 33. Defendant has further represented to the Court that "[a]s Plaintiff, Mr. Brown is to initiate the attorney conference . . ." Doc. No. 30.

This is incorrect. Rule 26 clearly states that

> [t]he attorneys of record and all unrepresented parties that have appeared in the case are *jointly responsible* for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan.

Fed.R.Civ.P. 26(f)(2) (emphasis added). Thus, contrary to Defendant's assertions, the onus for conducting the Initial Attorney's Conference rests upon both parties.

**IT IS THEREFORE ORDERED** that Plaintiff's Certification of Initial Attorney Conference (Doc. No. 34) be stricken from the record.

**IT IS FURTHER ORDERED** that parties submit a Certification of Initial Attorney's Conference Report as required by the Court's Order entered on January 27, 2016. (Doc. No. 32).

**IT IS SO ORDERED.**

Signed: February 5, 2016

Frank D. Whitney
Chief United States District Judge