# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:15-cv-0043-FDW-DCK

| | |
|---|---|
| TERRY L. BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE RENTALS LLC and )<br>CEDRIC MCCORKLE, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court *sua sponte* following the parties' failure to comply with its prior Orders. For the reasons explained below, this case is hereby **DISMISSED WITHOUT PREJUDICE**.

On January 8, 2016, the Court ordered the parties to submit a Certification of Initial Attorney's Conference ("CIAC") no later than January 19, 2016. (Doc. No. 27). Because of repeated failures to comply with the Court's orders up that point, the Court explicitly cautioned both parties that its "leniency with deadlines and compliance with its Orders in this case" was exhausted. Id. The Court further warned that "[f]uture violations [of the Court's Orders] may result in sanctions and/or dismissal of the complaint." Id.

Rather than comply with the January 8, 2016, Order, Plaintiff made a belated attempt to opt-in to the Pro Se Settlement Assistance Program ("PSAP"). (Doc. No. 29). On January 27, 2016, the Court ruled that this matter is ineligible for PSAP. (Doc. No. 32). In spite of the Court's prior warnings regarding continued non-compliance with its Orders, the parties were allowed an additional fourteen (14) days in which to submit their CIAC. Id. On February 3,

2016, Plaintiff filed a CIAC despite the fact that no conference with opposing counsel had occurred. (Doc. No. 34). The Court ordered Plaintiff's improper filing stricken from the record, and reaffirmed the fourteen (14) day deadline set forth in its January 27, 2016, Order. (Doc. No. 35).

On February 9, 2016, Defendant filed notices indicating that an Initial Attorney Conference had been mutually scheduled for February 8, 2016, but Plaintiff failed to appear. (Doc. Nos. 36, 37). The fourteen (14) day deadline ordered by the Court on January 27, 2016,—which, in turn, extended the original January 19, 2016, deadline—has now expired. No CIAC has been filed in violation of the Court's orders. Dismissal of this case without prejudice is, therefore, appropriate.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil 41(b) for failure to prosecute this case. The Clerk of Court is respectfully directed to close this case.

The Clerk of Court is further directed to send a copy of this Order to Plaintiff by certified mail, return receipt requested.

**IT IS SO ORDERED**.

Signed: February 11, 2016

Frank D. Whitney
Chief United States District Judge